UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VASILIY KOZOREZOV, *et al.*,

　　　　Plaintiffs,

　　v.

BANK OF AMERICA, N.A., *et al.*,

　　　　Defendants.

Case No. C09-1729RSL

ORDER GRANTING
MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on a motion to dismiss filed by defendants Bank of America, N.A., Mortgage Electronic Registration System, Inc., and Recontrust Company, N.A. (collectively, "defendants"). Plaintiffs assert that defendants violated the Truth in Lending Act ("TILA") by giving them inaccurate and incomplete disclosures when they refinanced their home. Plaintiffs seek damages, rescission, and injunctive relief.

For the reasons set forth below, the Court grants defendants' motion.

## II. DISCUSSION

**A.　Background Facts.**

Plaintiffs refinanced their home in 2007. As part of that process, on November 30, 2007, they signed loan documents, including two TILA disclosure forms and a HUD-1 Settlement

ORDER GRANTING
MOTION TO DISMISS - 1

Statement. Due to the subsequent economic downturn, plaintiffs were late and/or missed several payments. Plaintiffs filed this action in Snohomish County Superior Court on September 9, 2009, seeking, among other things, to prevent the sale of their home. Defendants subsequently removed the case to this Court based on the assertion of a federal claim.

Plaintiffs note that defendants sent them additional TILA disclosures in April 2009, long after the transaction had been consummated. They argue that the late disclosure prevented them from making an informed decision about whether to enter into the refinance transaction in November 2007.

**B.     Dismissal Standard.**

Defendants have filed a 12(b)(6) motion for failure to state a claim upon which relief can be granted. The complaint should be liberally construed in favor of the plaintiff and its factual allegations taken as true. See, e.g., Oscar v. Univ. Students Co-Operative Ass'n, 965 F.2d 783, 785 (9th Cir. 1992). The Supreme Court has explained that "when allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 558 (2007) (internal citation and quotation omitted).

Plaintiffs appended numerous documents to their amended complaint, and both parties have cited to those documents. The Court has considered the documents attached to the amended complaint.

**C.     Analysis.**

The purpose of TILA is to increase the amount of information available regarding the true costs of borrowing as a means of promoting economic stabilization, the enhancement of competition among lenders, and the protection of consumers. See 15 U.S.C. § 1601. TILA regulations (promulgated by the Federal Reserve Board at Regulation Z (Part 226 of Title 12 of the Code of Federal Regulations)) require that specific information be disclosed to potential

ORDER GRANTING
MOTION TO DISMISS - 2

consumers within a certain time frame.  As the Ninth Circuit noted in King v. State of California, 748 F.2d 910, 915 (9th Cir. 1986), "courts have construed TILA as a remedial statute, interpreting it liberally for the consumer."

A plaintiff asserting a TILA claim must bring an action "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  The Ninth Circuit has held that "the limitations period in Section 1640(e) runs from the date of consummation of the transaction but that the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."  King, 784 F.2d at 915.  The Ninth Circuit has stated that "[w]hen a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."  Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).

Plaintiffs assert two violations of TILA, both of which occurred in November 2007 when plaintiffs received the forms, long before they filed suit in this matter: (1) they contend that the TILA forms they received in November 2007 were inaccurate, and (2) that the forms were incomplete.  Regarding the first issue, plaintiffs contend that the two TILA disclosures they received in November 2007 contained different information as to important terms: "One of the TILA forms indicates that the loan has a variable rate feature, the other TILA form does not."  Response at p. 3.  Assuming that the forms contained inaccuracies, that violation could have, and should have, been discovered more than one year before this case was filed.  Simply reading and comparing the documents would have alerted plaintiffs to the fact that they contained different terms.  Had they done so, plaintiffs would have discovered the alleged violation.  Therefore, plaintiffs had the information they needed to bring a TILA action regarding the alleged inaccuracies at the time the loan was consummated, and the claim is time barred.

Second, plaintiffs contend that the TILA disclosures they received in November 2007

ORDER GRANTING
MOTION TO DISMISS - 3

were incomplete because they failed to include an "Itemization of Amount Financed." The itemization, however, was not required. A good faith estimate ("GFE") of settlement costs provided under the Real Estate Settlement Procedures Act ("RESPA") may be substituted for an itemization of amount financed. 12 C.F.R. § 226.18 n.39; 12 C.F.R. § 226.18(c) cmt. 4 ("Transactions subject to RESPA are exempt from the requirements of section 226.18(c), when the creditor complies with the good faith estimate requirements of RESPA."). In this case, plaintiffs do not dispute that the transaction was subject to RESPA or that defendants complied with the good faith estimate requirements of RESPA. Accordingly, plaintiffs' TILA claim based on the alleged failure to provide an itemization of amount financed fails as a matter of law.

Moreover, even if the GFE did not satisfy defendants' obligations, plaintiffs' claim regarding the failure to provide the itemization is time barred. Although plaintiffs seek to equitably toll the running of the statute of limitations until April 2009 when they received an additional four pages of TILA disclosures, they concede that they had seen two of the pages previously. Response at p. 3. Plaintiffs contend that the other two allegedly omitted pages contained an "itemization of Amount Financed" that included "important information that would have been relevant to Plaintiffs in their consideration of the loan at the time they were making the decision as to the cost of the loan." Id. Plaintiffs concede that "the information on them apparently had been included in the HUD-1 Statement signed by Plaintiffs on November 30, 2007, of which HUD-1 Statement Plaintiffs received a copy." Id. Furthermore, comparing the allegedly omitted page that contains the "itemization" (Amended Complaint, Ex. VK-3 at p. 13) with the HUD-1 Statement (Amended Complaint, Ex. VK-1) confirms that all of the costs, except one, listed in the itemization were listed in the timely disclosed HUD-1 Statement. The only cost not identically listed in the HUD-1 Statement is the $4,170.00 loan origination fee, which is included in the TILA disclosures plaintiffs received in November 2007 (Amended Complaint, Ex. VK-3 at p. 12). Because plaintiffs had all of the information in November 2007,

ORDER GRANTING
MOTION TO DISMISS - 4

the April 2009 disclosures do not support equitable tolling.[1]  Therefore, plaintiffs' TILA claims arising out of those disclosures are barred by the one-year statute of limitation.

Plaintiffs contend that even if their damages claim is time barred, their TILA claims for offset and recoupment are not.  TILA makes exceptions from its one year statute of limitations for recoupment and offset.  However, as plaintiffs acknowledge in their response, offset and recoupment are defenses, not affirmative claims.  The exceptions do not apply in this case because plaintiffs initiated this action.  See, e.g., Henderson v. GMAC Mortgage Corp., 2009 WL 3059809 at *2 (9th Cir. 2009 (holding that plaintiffs' "claims cannot be salvaged under a theory of recoupment because [plaintiffs], not [defendant], initiated this action.").[2]

In addition to seeking damages under TILA, plaintiffs also seek to rescind their loan.  A consumer entering into the kind of credit transaction at issue in this case has the right to rescind until midnight of the third business day following (a) consummation of the transaction, (b) delivery of the notice of the right to rescind, or (c) delivery of all material disclosures, whichever occurs last.  12 C.F.R. § 226.23(a).  In this case, the transaction was consummated approximately two years before plaintiffs filed suit.  In their response, plaintiffs cite cases that applied a three-year right of rescission.  The three-year right applies only if the consumer did not receive notice of the right to rescind.  Plaintiffs concede that they received all material disclosures by April 23, 2009, when they were provided with the additional TILA disclosures.  Accordingly, plaintiffs' right to rescind their loan ended well before they filed suit, and their claim for rescission is time barred.

---

[1] In addition, defendants argue, and plaintiffs do not dispute, that the terms contained in the 2009 disclosures were actually more favorable to plaintiffs.  Therefore, the less favorable terms did not induce plaintiffs into consummating the loan.

[2] See also Bednaruk v. NW Trustee Services, Inc., 2010 WL 545643 at *3 (W.D. Wash. Feb. 9, 2010 (rejecting plaintiffs' attempt to affirmatively assert claims for recoupment and setoff); Moon v. GMAC Mortgage Corp., 2009 WL 3185596 at *3 (W.D. Wash. Oct. 2, 2009); Kotok v. Homecomings Financial, 2009 WL 1652151 at *3 (W.D. Wash. 2009).

ORDER GRANTING
MOTION TO DISMISS - 5

In their motion, defendants argued that if plaintiffs are asserting a RESPA claim, it fails as a matter of law because (1) they provided plaintiffs with GFE's, and (2) even if they did not provide the GFE's, RESPA does not provide a private right of action for that omission. Plaintiffs failed to respond to those arguments, which the Court construes as a concession that defendants' arguments have merit. Even if plaintiffs had asserted a RESPA claim, it fails as a matter of law.

Plaintiffs also assert a claim for injunctive relief preventing defendants from selling their property at a trustee's sale. However, their request for injunctive relief is based on claims that lack merit as set forth above, so injunctive relief is unwarranted.

Plaintiffs contend that if the Court is inclined to grant the motion to dismiss, it should allow them leave to amend their complaint. However, no amendment can remedy the fact that plaintiffs' TILA claim is time barred and fails as a matter of law. Nor have plaintiffs suggested any proposed amendments that would remedy the deficiencies in their amended complaint. Accordingly, the Court declines to grant leave to amend.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendants' motion to dismiss (Dkt. #9). The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiffs.

DATED this 17th day of December, 2010.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING
MOTION TO DISMISS - 6